# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### (Filed:  January 8, 2016)

```
* * * * * * * * * * * * * *    *
 JANET BUKSA,                  *
                              *    No. 13-795V
              Petitioner,      *
                              *
 v.                            *    Special Master Roth
                              *
 SECRETARY OF HEALTH           *    Damages Decision Based on Proffer;
 AND HUMAN SERVICES,           *    Influenza Vaccination; Shoulder Injury
                              *    Related to Vaccine Administration
 Respondent.                   *    ["SIRVA"]
                              *
* * * * * * * * * * * * * *    *
```

Danielle A. Strait, Hogan, Maglio Christopher and Toale, PA, Washington, DC, for petitioner.
Claudia B. Gangi, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING DAMAGES[1]

On October 15, 2013, Janet Buksa filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq*.[2] [the "Vaccine Act" or "Program"], alleging that that she suffered a shoulder injury as a result of the influenza vaccine she received on January 27, 2012.

On January 8, 2016, respondent filed a proffer on award of compensation ("Proffer"). According to respondent's Proffer, petitioner agrees to the proposed award of compensation. Pursuant to the terms stated in the attached Proffer, **petitioner  is AWARDED:**

a lump sum payment of **$443,284.82**, representing compensation for future medical care expenses ($98,485.68), lost earnings ($209,215.14), pain and suffering

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002).  In accordance with Vaccine Rule 18(b), petitioners have 14 days to identify and move to delete medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, I agree that the identified material fits within this definition, I will delete such material from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 *et seq.* (hereinafter "Vaccine Act" or "the Act").  Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

($125,000.00), and past unreimbursable expenses ($10,584.00), in the form of a check payable to petitioner, Janet Buksa.

These amounts represent compensation for all damages that would be available under § 300aa-15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]


**IT IS SO ORDERED.**

**s/Mindy Michaels Roth**
Mindy Michaels Roth
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

_____

JANET BUKSA,                                  )
                                              )
              Petitioner,                     )
                                              )        **No. 13-795V**
v.                                            )        **Special Master Roth**
                                              )        **ECF**
SECRETARY OF HEALTH AND                       )
HUMAN SERVICES,                               )
                                              )
              Respondent.                     )
_____)

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

### I.   Items of Compensation

#### A.  Future Medical Care Expenses

Respondent proffers that based on the evidence of record, petitioner is entitled to an award for projected unreimbursable medical care expenses in the amount of $98,485.68 as provided under 42 U.S.C. § 300aa-15(a)(1)(A).  Petitioner agrees.

#### B.  Lost Earnings

The parties agree that based upon the evidence of record, Janet Buksa has suffered a past loss of earnings in the amount of $33,044.00, and will suffer a future loss of earnings in the amount of $176,171.14 as a result of her vaccine-related injury.  Therefore, respondent proffers that the Court should award Janet Buksa a lump sum of $209,215.14 for her lost earnings as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(A).  Petitioner agrees.

C.  <u>Pain and Suffering</u>

Respondent proffers that the Court should award Janet Buksa a lump sum of $125,000.00 for her actual and projected pain and suffering.  This amount reflects that the award for projected pain and suffering has been reduced to net present value.  <u>See</u> § 300aa-15(a)(4).  Petitioner agrees.

D.  <u>Past Unreimbursable Expenses</u>

Evidence supplied by petitioner documents Janet Buksa's expenditure of past unreimubursable expenses as a result of her vaccine-related injury.  Respondent proffers that the Court should award Janet Buksa a lump sum of $10,584.00 for past unreimbursable expenses as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(1)(A).   Petitioner agrees.

E.  <u>Medicaid Lien</u>

Petitioner represents that there are no outstanding Medicaid liens related to her vaccine-related injury.

## II.  <u>Form of the Award</u>

The parties recommend that the compensation provided to petitioner should be made through a lump sum payment as described below and request that the Special Master's decision and the Court's judgment award the following[1]: a lump sum payment of $443,284.82, representing compensation for future medical care expenses ($98,485.68), lost earnings ($209,215.14), pain and suffering ($125,000.00), and past unreimbursable expenses ($10,584.00), in the form of a check payable to petitioner, Janet Buksa.

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future wage loss.

### III.  Summary of Recommended Payment Following Judgment

Lump sum payable to petitioner:                              **$443,284.82**


BENJAMIN C. MIZER
Principal Acting Assistant Attorney General

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division

LYNN E. RICCIARDELLA
Senior Trial Attorney
Torts Branch, Civil Division

*/s/ Claudia B. Gangi*
CLAUDIA B. GANGI
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel.:  (202) 616-4138


Dated:  January 8, 2016