# In the United States Court of Federal Claims
OFFICE OF SPECIAL MASTERS
No. 13-795V
Filed: September 12, 2016

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| JANET BUKSA, | \* | Not for Publication |
| | \* | |
| Petitioner, | \* | |
| v. | \* | Attorney's Fees and Costs; |
| | \* | Contested; Range. |
| SECRETARY OF HEALTH | \* | |
| AND HUMAN SERVICES, | \* | |
| | \* | |
| Respondent | \* | |
| | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Danielle A. Strait, Maglio, Christopher, & Toale, Washington, D.C., for petitioner.*
*Claudia B. Gangi, United States Department of Justice, Washington, DC, for respondent.*

### DECISION GRANTING ATTORNEY'S FEES AND COSTS[1]

**Roth,** Special Master:

      On October 15, 2013, Janet Buksa ("Ms. Buksa" or "petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] [the "Vaccine Act" or "Program"]. Petitioner alleged an influenza ("flu") vaccine she received on January 27, 2012 led her to develop chronic pain and inflammation in her right shoulder. *See generally* Petition ("Pet."), ECF No. 1; Petitioner's Exhibit ("Pet. Ex.") 16. On January 8, 2016, respondent filed a proffer for an award of compensation ("Proffer"). The undersigned issued a decision awarding petitioner compensation according to respondent's Proffer. Decision, ECF No. 58. Petitioner now seeks an award of attorney's fees and costs in the amount of $37,233.74, pursuant to Section 15(e) of the Vaccine Act. Motion for Attorney's Fees

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, it will be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002 (codified as amended at 44 U.S.C. § 3501 note (2012)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (1986). Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

("Motion for Fees"), ECF No. 64. After careful consideration, the undersigned has determined to **grant the request in full** for the reasons set forth below.

## I.     Procedural History.

Petitioner filed her petition on October 15, 2013. ECF No. 1. This case was originally assigned to Special Master Nora Beth Dorsey.[3] ECF No. 2. Petitioner filed medical records via CD on November 8, 2013, and her affidavit and statement of completion on December 18, 2013. ECF No. 7, 8. Respondent filed her Rule 4(c) Report ("Rsp. Rpt.") on February 14, 2014, concluding that petitioner's injury was appropriate for compensation. ECF No. 12. Chief Special Master Dorsey issued a ruling on entitlement on February 18, 2014, determining that petitioner was entitled to compensation. Ruling on Entitlement, ECF No. 13. That same day, the Chief Special Master issued an order directing the parties to proceed to the damages phase of the case. Damages Order, ECF No. 14.

The parties engaged in damages discussions from February 2014 until January 2016, keeping the Court apprised of their progress through a series of status reports. ECF Nos. 17, 19, 23, 25, 28, 30, 33, 35, 37, 39, 41, 43, 45, 47, 49, 51, and 55. Both the status reports and the contemporaneous billing records reflect that the parties were engaged in serious and deliberate negotiation, and were committed to resolving this matter.

This case was reassigned to me on October 19, 2015. ECF No. 53. On January 8, 2016, respondent filed a Proffer ("Proffer") indicating that respondent and petitioner had agreed to compensation. Proffer, ECF No. 57. That same day, I issued a decision approving the proffer and awarding compensation to petitioner. Decision, ECF No. 58.

Petitioner moved for attorneys' fees and costs on July 13, 2016. Motion for Attorney Fees and Costs ("Motion for Fees"), ECF No. 64. Petitioner requested attorneys' fees in the amount of $30,699.90 and costs in the amount of $6,533.84, for a total of $37,233.74. *Id*. Respondent submitted her response on August 1, 2016. Response to Motion for Attorney's Fees ("Response"), ECF No. 65. Respondent made no specific objections to the attorneys' hours or rates. She merely submitted a range of $16,000 to $21,000 as appropriate fees and costs in this matter. Petitioner did not file a reply, and thus, this matter is now ripe for decision.

## II.     Applicable Law.

The Vaccine Act allows Special Masters to award attorney's fees and costs to a petitioner if the claim was brought in good faith and with "reasonable basis." § 15(e). This is a discretionary determination made by the Special Master, requiring no line by line analysis. *Broekelschen v. Sec'y of HHS*, 102 Fed. Cl. 719, 729 (2011). Rather, the fact finder uses a lodestar method – multiplying a "reasonable" fee by the hours the attorney worked. *Blanchard v. Bergeron,* 489 U.S. 87, 94 (1989); *Schueman v. Sec'y of HHS,* No. 04-693V, 2010 WL 3421956, at *3 (Fed. Cl. Spec. Mstr. Aug. 11, 2010). While respondent does have the opportunity to object to said amount, pursuant to the Vaccine Rules, when no justification or specific objection is

---

[3] Special Master Dorsey was elevated to Chief Special Master on September 1, 2015.

proffered, her "representation carries very little weight." *Reyes v. Sec'y of HHS*, No. 14-953V, 2016 WL 2979785, at *1 (Fed. Cl. Spec. Mstr. Apr. 27, 2016) (specifically when the attorneys of record supply detailed time sheets and present a *complete* case).

The recent decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorney's fees based on the experience of a practicing attorney. *McCulloch v. Sec'y of HHS*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). According to *McCulloch*, if an attorney has been practicing for 20 or more years, an appropriate range is approximately $350 to $425 per hour. *Id.* If an attorney has 11 to 19 years of experience, $300 to $375 is proper. *Id.* For 4 to 7 year years of experience, $225 to $300 is sufficient. *Id.* If an attorney has fewer than 4 years of experience, he/she should receive between $150 and $225. *Id.*

### III.    Discussion.

In her response, respondent provided no specific objection to the amount requested or the hours worked in this matter, but instead, offered a range which she believes to be reasonable to pay the attorneys who worked on this case. Response at 3. Rather, respondent "reminded" the Court of its discretion in awarding fees, quoting *Fox v. Vice*, and reiterated the fact that 'the determination of [attorney's] fees "should not result in a second major litigation."' Response at 2-3. Respondent proceeded to claim that a "reasonable" amount for fees and costs in this case would fall between $16,000.00 and $21,000.00, without specifically addressing how that range applied to this particular matter.

Danielle Strait has been a practicing attorney for six years, and has been licensed in the Court of Federal Claims since 2012. Pet. Ex. 23, ECF No. 64. She has substantial experience in the Vaccine Program, having clerked for then-Chief Special Master Gary Golkiewicz before beginning her practice as a petitioner's attorney with Maglio Christopher & Toale in 2012. *Id*. As an attorney with MCT, Ms. Strait has represented numerous petitioners in the Vaccine Program; she also sits on the Vaccine Committee of the Court's Advisory Council. *Id*.

In *McCulloch*, Special Master Gowen concluded that Ms. Strait merited an hourly rate of $295; the billing records reflect that this is the requested hourly rate for work done from 2013 to 2015. See Pet. Ex. 21; *McCulloch* at Endnote 32. Petitioner has requested an hourly rate of $306 for Ms. Strait for work performed in 2016; this is simply Ms. Strait's previous rate adjusted for inflation, using the 3.7% inflation rate from *McCulloch*. *McCulloch* at *16. Additionally, Ms. Strait has previously received an hourly rate of $306 for work performed in 2016. See *McGinnis v. Sec'y HHS*, No. 14-15, 2016 WL 4538518 (Fed. Cl. Spec. Mstr. July 7, 2016). Based on Ms. Strait's experience and quality of work, I find that petitioner's requested hourly rates of $306 for work performed in 2016, and $295 for work performed from 2013 to 2015 to be reasonable.

After reviewing the billing records, the amount of hours billed seems reasonable and I see no erroneous or duplicative billing. *See generally* Pet. Ex. 21, ECF No. 64. I therefore see no reason to reduce petitioner's application for fees and costs.

3

### IV.     Total Award Summary.

I find that petitioner's counsel's request is reasonable and she is entitled to the requested fees and costs pursuant to § 15(e)(1).  For the reasons contained herein, **a check in the amount of $37,233.74[4] made payable jointly to petitioner, Janet Buksa, and petitioner's counsel of record, Danielle A. Strait, for petitioner's attorneys' fees and costs shall be issued.**

The clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

<u>s/Mindy Michaels Roth</u>
Mindy Michaels Roth
Special Master

---

[4] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," as well as fees for legal services rendered. Furthermore, 42 U.S.C. § 300aa-15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of HHS*, 924 F.2d 1029 (Fed. Cir. 1991).

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. *See* Vaccine Rule 11(a).